2:25mj10

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR ARREST WARRANT

Your affiant, Mark T. Bennett, being duly sworn, deposes and states as follows:

1. Your affiant is currently employed as a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), and has been so employed since June 2023. Your affiant completed the 480 hours Criminal Investigator Training Program and the 529 hours Homeland Security Investigations Special Agent Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. The above listed training included instruction and techniques for conducting investigations into violations of federal law relating to Title 9, Title 18, Title 21, and Title 31 of the United States Code. Prior to his employment with HSI, your affiant was employed as a police officer with the Virginia Beach Police Department ("VBPD") from January 2012 to June 2023. Beginning in January 2012, your affiant completed the 1,100 hours Basic Law Enforcement Training Course. Your affiant was then assigned to uniformed patrol where he remained for approximately three years. In 2015, your affiant was assigned to the Special Investigations Division, Narcotics Interdiction Unit, where he remained until 2023. During this assignment, your affiant served in additional capacities as a narcotics detection canine handler for six years and an HSI Task Force Officer ("TFO"), with the Border Enforcement Security Task Force for four years. During his law enforcement career, your affiant received extensive training from various federal, state, local, and private law enforcement agencies regarding the identification of narcotics, narcotics trafficking and distribution, and narcotics interdiction. While with VBPD, your affiant also instructed law enforcement training courses pertaining to the identification of narcotics, conducting narcotics investigations, narcotics interdiction, and the utilization of confidential informants. Prior to his employment with VBPD, your affiant attended Rutgers University where he obtained a Bachelor of Arts Degree in 2011, with a major in Criminal Justice and Sociology.

2. In addition to his training, your affiant has extensive experience in the investigation of illegal controlled substance activities to include illegal narcotic distribution, prescription drug distribution, narcotics trafficking, and narcotics interdiction. Since 2012, your affiant has led or assisted with over 1,000 state and federal investigations leading to numerous arrests and convictions of offenders for a wide variety of crimes involving marijuana and marijuana-related products, prescription drugs, cocaine, heroin, fentanyl, ecstasy, psilocybin, psilocyn, ketamine, LSD, DMT, synthetic drugs, methamphetamine, precursor chemicals, narcotics trafficking, money laundering, firearms offenses, homemade explosive devices, prostitution, human trafficking, child pornography, gang-related offenses and various crimes of violence. Your affiant has personally participated in all aspects of narcotics distribution and trafficking investigations, including conducting surveillance, debriefing, and utilizing confidential informants, acting in an undercover capacity, and conducting court-authorized interceptions of wire and electronic communications. Your affiant has also participated in cases involving money laundering, weapons, and stolen property. These investigations have resulted in the arrests of persons, seizures of drugs, weapons, vehicles, personal property, and United States currency. Additionally, your affiant has been recognized as an expert witness in the Circuit and General District Courts of Virginia Beach on multiple occasions while providing testimony relating to the above referenced narcotics investigations.

3.  Your affiant is currently participating in an investigation into the distribution and possession with intent to distribute, of marijuana, psilocybin, psilocyn, and cocaine, as well as the illegal possession of firearms, in the Hampton Roads area of the Eastern District of Virginia. During the investigation, it has been determined that **Malik Shaheen SHAW** is involved in the distribution of marijuana, psilocybin, and psilocyn, the possession of cocaine with intent to distribute, and the possession of firearms in violation of federal law.

## CRIMINAL OFFENSES

4.  Section 841(a)(1) of Title 21 of the United States Code, provides, in part, that, "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

5.  Section 922(g)(1) of Title 18 of the United States Code provides, in part, that, "It shall be unlawful for any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition."

6.  Your affiant makes this affidavit in support of an application for an arrest warrant for **Malik Shaheen SHAW** in relation to the following offenses occurring in the Eastern District of Virginia (EDVA):

    a.  Possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of psilocyn, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and,

    b.  Felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

## ESSENTIAL FACTS CONSTITUTING THE OFFENSES CHARGED

7.  Since this affidavit is being submitted for the limited purpose of securing authorization for an arrest warrant, your affiant has not included each and every fact known to the investigative team concerning this investigation. Rather, your affiant has set forth only those facts believed to be necessary to establish probable cause that **Malik Shaheen SHAW** committed the listed offenses. Facts not set forth herein are not being relied upon in reaching the conclusion that an arrest warrant should be issued. Nor is it requested that the Court rely upon any facts not set forth herein in reviewing this affidavit.

8.  Your affiant has personally participated in the investigation of the offenses described in this affidavit. As a result of your affiant's participation in this investigation and a review of reports made to your affiant by other members of the investigative team, your affiant is familiar with the circumstances of this investigation. On the basis of this familiarity, and on the basis of the other information which I have reviewed and determined to be reliable, your affiant alleges the following:

9.  On or about September 7, 2010, **Malik Shaheen SHAW** was sentenced in the Virginia

Beach Circuit Court for the following offenses punishable by imprisonment for a term exceeding one year: shooting from a vehicle so as to endanger others, in violation of sections 18.2-286.1 and 18.2-10 of the Code of Virginia, and maliciously shooting at an occupied vehicle, in violation of sections 18.2-154 and 18.2-10 of the Code of Virginia. Following these sentencings, **Malik Shaheen SHAW**'s right to ship, transport, possess, and receive a firearm was not restored.

10. In July 2023, investigators became aware of a website with the uniform resource locator ("URL"): www.gasgod757.com; and observed that this website was advertising the sale of marijuana products, to include marijuana, THC juice, marijuana edibles, and psilocybin mushrooms. The investigative team believed that this offense was occurring in EDVA based upon multiple references to the (757) area code observed on the website. The header for the www.gasgod757.com website indicated a company name of "GASGOD757 LLC" and listed a (757) area code telephone number ending in 6621. Furthermore, the website displayed links to Instagram, Facebook, and Telegram[1] accounts, all of which indicated an association with the GASGOD757, LLC company.

11. Investigators contacted the City of Chesapeake and determined that the business license for GASGOD757, LLC listed **Malik Shaheen SHAW** as registered agent. Investigators then obtained subscriber information for the (757) area code telephone number ending in 6621, which listed **Malik Shaheen SHAW** as subscriber.

12. During November 2023, Investigators obtained a search warrant to track the real-time GPS location data for the phone associated with the (757) area code telephone number ending in 6621. Based on location data received through the search warrant, investigators conducted physical surveillance and observed **Malik Shaheen SHAW** at his residence on Wood Ibis Way in Virginia Beach. Investigators obtained utility records for the residence, which listed **Malik Shaheen SHAW** as customer.

13. During spring 2024, investigators observed the public gasgod757va Telegram page and noted that it was being utilized to advertise the sale of various marijuana and psilocybin products, with advertisements including weights and pricing for various marijuana and psilocybin products. Investigators utilized a VBPD confidential informant ("C/I") to initiate contact with the GASGOD757 Telegram page. The C/I then began to communicate concerning the sale of narcotics with an individual subsequently identified as **Malik Shaheen SHAW**.

14. During April 2024, the C/I conducted a controlled purchase of marijuana from **Malik Shaheen SHAW** through the gasgod757va Telegram page. The C/I sent a message to the gasgod757va Telegram page and, in response, was provided with a (757) area code telephone number ending in 0547[2]. The C/I placed a telephone call to this number and spoke with an individual subsequently identified as **Malik Shaheen SHAW**, who agreed to sell the C/I a quantity of marijuana in exchange for $300. The C/I was directed to send payment to the Cash App account:

---

[1] Telegram is a cloud-based, cross-platform, social media, and instant messaging service. It allows users to exchange messages, share media and files, and hold private and group voice or video calls as well as public livestreams.

[2] Investigators subsequently obtained a search warrant for real-time GPS location data for the phone associated with the (757) area code telephone number ending in 0547.

gasgod757va. Under the direction and control of the investigative team, the C/I completed the Cash App transfer. Shortly thereafter, the C/I received a text message from the (757) area code telephone number ending in 0547 directing the C/I to travel to an address in Virginia Beach. The C/I traveled to the address where investigators were conducting surveillance. Shortly thereafter, investigators observed and positively identified **Malik Shaheen SHAW** when he arrived at the location and delivered approximately two (2) ounces (55.35 grams) of marijuana to the C/I. Following the transaction, the C/I surrendered the purchased marijuana to investigators.

15. Later in April 2024, investigators utilized the C/I to conduct a second controlled drug purchase from **Malik Shaheen SHAW**. The C/I contacted **SHAW**, who agreed to sell the C/I quantities of marijuana and another controlled substance for $400. The C/I transferred approximately $400 to **SHAW** via the gasgod757va Cash App. Following the transfer, investigators established physical surveillance at **Malik Shaheen SHAW**'s residence on Wood Ibis Way in Virginia Beach. Investigators observed **SHAW** exiting the residence while carrying a small brown grocery-type bag. Surveillance was maintained on **SHAW** as he drove from his residence to his meeting with the C/I. Following his arrival at the meeting location, **SHAW** tossed the brown grocery-type bag from his vehicle onto the ground. **SHAW** then called the C/I and directed the C/I to the bag, which was found to contain approximately two (2) ounces (55.35 grams) of marijuana. Following the transaction, the C/I surrendered the purchased marijuana to investigators.

16. During July 2024, investigators utilized the C/I to conduct a third controlled drug purchase from **Malik Shaheen SHAW**. **SHAW** agreed to sell the C/I quantities of marijuana and psilocybin for $480. Subsequently, the C/I transferred approximately $480 to the gasgod757va Cash App account in payment for the drugs. Investigators then established surveillance at **SHAW**'s residence on Wood Ibis Way in Virginia Beach. During this time, investigators observed **SHAW** exiting the residence while carrying a white plastic grocery-style bag. Surveillance was maintained on **SHAW** as he traveled from his residence to his meeting with the C/I. Upon his arrival, investigators observed **SHAW** hand the white plastic grocery-style bag to the C/I. Following the transaction, the C/I surrendered the while plastic grocery-style bag to investigators, who found it to contain approximately two (2) ounces (55.63 grams) of marijuana and 103.41 grams of gummies containing psilocybin and/or psilocyn[3].

17. On July 19, 2024, investigators obtained a search warrant for **Malik Shaheen SHAW**'s residence on Wood Ibis Way in Virginia Beach. On July 24, 2024, GPS location data[4] for the phone associated with the (757) area code telephone number ending in 6621 and the phone associated with the (757) area code telephone number ending in 0547 indicated initially that both phones were located in the immediate vicinity of **SHAW**'s residence on Wood Ibis Way in Virginia Beach. Prior to the arrival of law enforcement at the residence, however, GPS location

---

[3] The testing method used by the Virginia Department of Forensic Science could not distinguish between these two compounds due to the composition of the sample.

[4] On July 24, 2024, the most recent real-time GPS location data search warrant for the phone associated with the (757) area code telephone number ending in 0547 had been issued on July 16, 2024, and the most recent real-time GPS location data search warrant for the phone associated with the (757) area code telephone number ending in 6621 had been issued on July 19, 2024.

data indicated both phones appeared to be en route to the Norfolk International Airport. Investigators subsequently located **SHAW** inside the Norfolk International Airport and detained him. Investigators determined that **SHAW** was attempting to fly to California and was in possession of a small carry-on bag as well as a larger checked suitcase. Investigators placed **SHAW** under arrest. A search of **SHAW**'s carry-on bag revealed approximately $21,000 in cash and two cellular telephones. A search warrant later executed on **SHAW**'s (previously) checked suitcase revealed approximately $40,000 in cash. Inside **SHAW**'s wallet, investigators located a Bank of America card bearing **SHAW**'s name and GASGOD757 LLC. Investigators subsequently issued a subpoena to Bank of America and learned that **SHAW** held multiple bank accounts and safety deposit boxes. Search warrants were subsequently executed on the safety deposit boxes from which approximately $50,100 in cash was recovered.

18. The search of **SHAW**'s residence on Wood Ibis Way in Virginia Beach commenced on July 24, 2024, at approximately 9:24 a.m. In the garage of **SHAW**'s residence, the investigators located approximately 47 pounds of marijuana, approximately four (4) pounds of mushrooms[5], approximately seven (7) pounds of marijuana edibles, approximately nine (9) pounds of mushroom edibles, as well as packaging materials. In **SHAW**'s bedroom, investigators located approximately 32.1678 grams of cocaine, three stolen firearms, digital scales, and a large quantity of jewelry, subsequently appraised at a total value of approximately $389,119. The three firearms are further described as: one Taurus caliber .380 semiautomatic pistol, loaded, one Glock Model 19 caliber 9mm semiautomatic pistol, loaded, and one Rossi caliber .357 Magnum revolver, loaded. A Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives who is an interstate nexus expert has determined that each of these firearms was manufactured outside the Commonwealth of Virginia.

19. Based on the above, I respectfully submit there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. §§ 922(g)(1) and 924(a)(8) have been committed in the Eastern District of Virginia by **Malik Shaheen SHAW.**

Mark T. Bennett, Special Agent
Homeland Security Investigations

Sworn and subscribed to before me
On this 15th day of January 2025

United States Magistrate Judge
Norfolk, Virginia

---

[5] A vacuum-sealed plastic bag containing mushrooms recovered from **SHAW**'s residence was submitted to the Virginia Department of Forensic Science (VDFS), Eastern Laboratory, for forensic analysis. A forensic scientist with VDFS determined the bag to contain approximately 472.63 grams of mushrooms containing psilocyn, a Schedule I controlled substance.